UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENAN THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-08896-VC   (PHK)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. 40 |

Now before the Court is a Joint Discovery Letter Brief regarding several discovery disputes between *pro se* Plaintiff Kenan Thompson and Defendant Experian Information Solutions, Inc., ("Experian"). [Dkt. 40]. Plaintiff Thompson requests eight (8) forms of relief. *Id.* All discovery in this case has been referred to the undersigned. [Dkts. 38–39].

After carefully reviewing the Letter Brief, and all relevant documents, the undersigned finds this matter appropriate for resolution without oral argument. Civil L. R. 7-1(b). As discussed herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's requests for relief numbers 1–6, **DENIES WITH PREJUDICE** Plaintiff's requests for relief numbers 7 and 8, and **ORDERS** Parties to meet and confer promptly and in good faith to finalize and submit a Stipulated Protective Order on or before July 25, 2025.

## RELEVANT FACTUAL BACKGROUND

Defendant Experian indicates that "on May 7, 2025, Experian requested that Plaintiff stay discovery pending the outcome of the then-upcoming Settlement Conference[.]" [Dkt. 40 at 4]. Apparently, Plaintiff refused the request and served his first set of interrogatories, first set of requests for production, and first set of requests for admission. *Id.* On June 1, 2025, Plaintiff Thompson

1  certifies that he served "a detailed § H.1 [of the Court's Standing Discovery Order] deficiency letter
2  [] outlining specific deficiencies in Defendant [Experian]'s responses" to the discovery requests
3  served previously. *Id.* at 2. On June 4, 2025, the Parties attended the afore-mentioned settlement
4  conference at which the case did not settle. *Id.* at 2, 3.

5        On June 16, 2025, the Parties met and conferred in an attempt to resolve various discovery
6  disputes. *Id.* The meet-and-confer was apparently not successful. *Id.* at 4. Defendant Experian
7  states that "almost immediately following the meet-and-confer, Plaintiff sent Experian what
8  appeared to be a pre-drafted letter accusing Experian of various discovery deficiencies—issues that
9  had just been discussed in good faith." *Id.*

10        On June 20, 2025, Defendant Experian indicates that it "circulated this Court's model
11  Stipulated Protective Order to Plaintiff." *Id.* Defendant Experian further states that "Plaintiff
12  refused to stipulate to the model order and instead conditioned his agreement on the inclusion of
13  additional provisions that are unduly burdensome and prejudicial to Experian." *Id.*

14        On June 23, 2025, Defendant Experian indicates it has "produced all non-confidential
15  documents to date" with Bates stamping. *Id.* Five hundred sixty-eight documents have been
16  produced. *Id.* The Fact Discovery cut off is September 26, 2025. [Dkt. 38].

## LEGAL STANDARD

18        In resolving these disputes and providing guidance to the Parties, the Court summarizes the
19  relevant legal standards for discovery. Federal Rule of Civil Procedure 26(b)(1) delineates the scope
20  of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any
21  nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs
22  of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes
23  of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could
24  lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-*
25  *Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437
26  U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No.
27  18-MD-2843-VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally
28  recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.")

(alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A party seeking discovery bears the burden of establishing that its request satisfies the relevancy and proportionality requirements under Rule 26(b)(1). *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 3845984, at *2 (N.D. Cal. Aug. 13, 2018); *Hegarty v. Transamerica Life Ins. Co.*, 2021 WL 4899482, at *2 (N.D. Cal. Oct. 21, 2021). "[C]ourts are required to limit discovery if its burden or expense outweighs its likely benefit; this is 'the essence of proportionality,' a frequently ignored or overlooked discovery principle." *Hegarty*, 2021 WL 4899482 at *2 (citation omitted). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of

3

showing why discovery was denied.").

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). A court's determination as to proportionality of discovery is also within the district court's discretion. *See Jones v. Riot Hospitality Group LLC*, 95 F.4th 730, 737–38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## DISCUSSION

Without providing much in the way of detailed argument to support the requests for relief, Plaintiff Thompson seeks relief with regard to Defendant Experian's responses to Plaintiff's (1) interrogatories, (2) requests for production, and (3) requests for admission. [Dkt. 40 at 2]. Plaintiff Thompson lists three bullet points to argue why Defendant Experian's interrogatory responses are deficient: they allegedly "[c]ontain boilerplate objections lacking factual basis[;]" Defendant Experian "[i]mproperly invoke[s] Rule 33(d) without identifying documents[;]" and Defendant Experian "[r]efuse[s] to identify personnel, systems, or processes relevant to Plaintiff's disputes." *Id*.

Similarly, Plaintiff Thompson lists four bullet points as the bases for the assertion that

4

Experian's responses to Plaintiff's requests for production are deficient: "[n]o responsive documents have been produced[;]" "[the] [r]esponses are conditioned on a protective order not yet proposed or stipulated;" "[they] [f]ail to organize or label documents by request or Bates number[;]" and Defendant Experian does not provide a privilege log. *Id.* As noted, Experian has already produced over five hundred pages of non-confidential documents in response to the discovery requests. *Id.* at 4. Further, and most importantly, Experian has committed to produce its confidential documents responsive to the requests for production after the Parties enter into a Protective Order, and has attempted to negotiate the use of the Court's model Protective Order in this case. *Id.* Experian argues that Plaintiff Thompson has refused to agree to the model Protective Order and has argued for the inclusion of additional provisions which Experian argues are unduly burdensome and prejudicial. *Id.*

As with the other disputes, Plaintiff Thompson lists three simple bullet points as the sole support for the position that Experian's responses to the requests for admission are deficient: they allegedly "[c]ontain vague and argumentative denials[;]" "[r]ely on legal conclusions and evasive language[;]" and "[f]ail to admit, deny, or explain non-admission as required." *Id.* As with the other discovery requests at issue, Experian indicates that "Plaintiff has repeatedly insisted that Experian respond to his first set of discovery requests without objections, despite clear authority permitting Experian to assert appropriate objections and to condition the production of confidential documents on the entry of a protective order. Plaintiff has also imposed arbitrary deadlines on Experian and has threatened action if Plaintiff does not receive the responses he desires." *Id.* at 3.

Plaintiff requests the following relief: (1) "Compel amended responses to Interrogatories and RFPs with Bates-labeled, organized production;" (2) "Strike boilerplate objections and deem them waived;" (3) "Require a privilege log within 7 days;" (4) "Order revised RFA responses complying with Rule 36(a)(4);" (5) "Require Rule 26(g) certification of a diligent search and complete production;" (6) "Order full production within 10 days, including all documents previously withheld;" (7) "Extend the discovery deadline by 90 days beyond September 30, 2025;" and (8) "Award sanctions under Rule 37(b) for failing to respond to Plaintiff's [§] H.1 letter and refusing to correct deficiencies in the § H.2 conference." *Id.*

5

In opposing Plaintiff's requests for relief, Defendant Experian argues that "Plaintiff has repeatedly imposed arbitrary and unfair deadlines on Experian[;]" and "Plaintiff's demands regarding confidential material continue to be patently unreasonable." *Id.* at 4–5.

The Court recognizes that Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court therefore provides the following guidance in this Order as part of the Court's authority to manage discovery, particularly given that Plaintiff is *pro se*. This appears to be a case in which there is a misapprehension as to the discovery process. First, as to Plaintiff Thompson's argument that Experian must respond to discovery requests without making proper objections, that argument misunderstands the discovery process. A party served with discovery requests has the right to assert proper objections to the requests, for example on the basis that a request seeks attorney-client privileged information, or for example that the request seeks information or materials which are outside the bounds of either relevance or proportionality under the legal standards discussed above. There is no basis in the Federal Rules of Civil Procedure to require a responding party to withdraw all objections unilaterally. Rather, when the requesting party seeking discovery believes the objections are improper, the Parties are under a duty to meet and confer in good faith to attempt to negotiate a resolution of the dispute. *See* Civil L.R. 37-2; Standing Discovery Order at Section H.

The Court provides resources for *pro se* litigants, such as Plaintiff, and those resources include a general guidance booklet titled *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. *See* https://cand.uscourts.gov/pro-se-handbook/. The Pro Se Handbook contains information on the discovery process. For example, with regard to responding to interrogatories, the Pro Se Handbook states that "[a]s the responding party, you can either answer the question, object, or both." *Id.* at 40. Federal Rule of Civil Procedure states that "[t]he grounds for objecting to an interrogatory must be stated with specificity." *See* Fed. R. Civ. P. 33(b)(4). However, merely objecting without providing any responsive information is typically not the response contemplated by Rule 33: "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* at 33(b)(3). Because the Parties have not presented to the Court any specific disputes over any specific responses or objections, Plaintiff's request for relief is plainly premature. Similarly, regarding Plaintiff Thompson's argument that Experian has somehow

1  improperly responded to interrogatories by referring to business records under Rule 33(b), the
2  Parties have not presented the Court with any details as to the nature of this dispute as well–there is
3  no indication which interrogatory responses are at issue, which business records are at issue, why
4  there is a dispute as to those business records, and whether the Parties have fully met and conferred
5  on this issue.  Accordingly, to the extent Plaintiff has concerns over any specific objections or any
6  specific lack of responsive information, it is incumbent on Plaintiff to identify the specific concerns
7  and then to engage in reasonable, good faith meet and confers with Experian to try to resolve and
8  negotiate the dispute, including following all the steps (both the H.1 and H.2 steps in the Standing
9  Discovery Order) this Court requires prior to filing a discovery motion.  *See* Standing Discovery
10 Order at Section H.  On these procedural grounds, therefore, Plaintiff's request for relief with regard
11 to Experian's responses to interrogatories is denied as premature and denied to the extent Plaintiff
12 asserts on an erroneous premise that objecting, as a general proposition, is improper.
13     Similarly, the Pro Se Handbook explains responses to requests for production as follows:

> 3. The response may state that you will allow the inspection of each item and the related activities that were requested, or you may object if you have a proper basis for doing so.
>
> 4. If you object to the request, you must state the reasons for that objection and state whether any documents are being withheld on the basis of that objection.
>
> 5. If you object to only part of the request, you must state your objection to that part and state whether any documents are being withheld on that basis and permit inspection of the rest.

20 *Id.* at 41.
21     In addition to the Court's admonition above regarding the need to meet and confer regarding
22 specific responses to specific requests for production, Plaintiff Thompson is advised that insisting
23 that an opposing party produce confidential documents without the entry of a Protective Order is
24 procedurally incorrect.  Under Rule 26, "[a] party or any person from whom discovery is sought
25 may move for a protective order in the court where the action is pending. . . . The court may, for
26 good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,
27 or undue burden or expense, including one or more of the following: . . . requiring that a trade secret
28 or other confidential research, development, or commercial information not be revealed or be

7

revealed only in a specified way." *See* Fed. R. Civ. P. 26(c)(1)(G). Plaintiff Thompson's request that Experian be ordered to produce confidential documents prior to the entry of a Stipulated Protective Order is denied both for failure to properly meet and confer under the Court's Standing Discovery Order and under Rule 26.

Plaintiff Thompson's other requests for relief regarding the document requests are similarly deficient. First, as noted, Plaintiff's assertion that "[n]o responsive documents have been produced" is not explained or supported with a declaration or evidence, and is directly contradicted by Experian's statement that over 500 pages of documents have been produced. [Dkt. 40 at 2, 4]. Similarly, Plaintiff Thompson's assertion that Experian somehow "fail[ed] to organize or label documents by request or Bates number" is again directly contradicted by Experian's statement that documents with Bates number "EXP_000001 – EXP_000568" were "produced June 23, 2025". [Dkt. 40 at 4]. Finally, Plaintiff's assertion that "[n]o privilege log provided" raises an issue which this Court's Standing Discovery Order expressly covers:

> Counsel are expected to confer on a reasonably prompt schedule for mutual exchange of privilege logs, and in any event, sufficiently in advance of the fact discovery deadline to allow for resolution of any disputes over any assertions of privilege, if any, prior to the fact discovery cutoff. Parties and counsel have a continuing duty to supplement or correct their respective privilege logs throughout an action. Absent stipulation of the Parties or Court order on scheduling, privilege logs shall be promptly provided in response to a request for production to provide the other Party reasonably timely notice of the assertion of privilege.

Standing Discovery Order at § G.

There has been no indication that the Parties have met and conferred to negotiate in good faith to develop a schedule for the mutual exchange of privilege logs. On this basis alone, Plaintiff Thompson's request for relief on this issue is denied as premature and not consistent with the Standing Discovery Order.

Further, the Pro Se Handbook explains responses to requests for admission as follows: "Civil Local Rule 36-1 provides that responses to requests for admission must state each request in full before each response or objection. If a party objects to a request for admission, then that party must state their reasons for objection." *Id.* at 43; *see also* Fed. R. Civ. P. 36(a)(5). As with the interrogatories and requests for production, the Parties have not presented to the Court any specific

8

disputes over any specific responses or objections, and Plaintiff's request for relief is plainly premature. If Plaintiff believes reasonably and in good faith that Defendant Experian's responses "[c]ontain vague and argumentative denials" and "[r]ely on legal conclusions and evasive language[,]" dkt. 40 at 2, it is incumbent on Plaintiff to explain its reasons why and then meet and confer with Experian to attempt to resolve (or at least narrow) these disputes (and incumbent on Experian to meet and confer in good faith to address these concerns and negotiate compromises if possible) before approaching the Court with a discovery motion. *See* Standing Discovery Order at § H. The same holds true for Plaintiff Thompson's assertion that Experian "fail[ed] to admit, deny or explain non-admission as required" – the Parties have identified no specific responses which raise this issue and have clearly not met and conferred fully on the issue. [Dkt. 40 at 2]. For these reasons, then, Plaintiff's requests for relief with regard to the requests for admission are denied as premature and procedurally defective.

A general issue raised in the Joint Discovery Letter is Plaintiff Thompson's apparent tactic of trying to impose unilateral deadlines on Experian. *Id*. at 3–4. Further, the Court notes Experian's assertion that, immediately after the June 16, 2025, meet and confer, Plaintiff sent Experian what appeared to be a pre-drafted discovery deficiency letter which complained of alleged deficiencies which the Parties had just met and conferred about (and presumably were attempting to work out). *Id*. at 4. Finally, the Court is concerned by the fact that Plaintiff Thompson did not appear to fully and reasonably cooperate in the filing of this Joint Discovery Brief but rather threatened to file a unilateral motion to compel and apparently stated to Experian that he would indicate to the Court falsely that Experian failed to provide its portion of the Joint Discovery Brief prior to the deadline. *Id.* at 4–5. These tactics, if true, would be inconsistent with the spirit and admonitions of the Federal Rules of Civil Procedure and this Court's Standing Discovery Order.

The Federal Rules of Civil Procedure contemplate that discovery matters will generally be self-effectuated by the Parties without the need for constant court intervention. See Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. . . . The subdivision provides a deterrent to both excessive discovery and

9

1  evasion by imposing a certification requirement that obliges each attorney to stop and think about
2  the legitimacy of a discovery request, a response thereto, or an objection. The term 'response'
3  includes answers to interrogatories and to requests to admit as well as responses to production
4  requests. If primary responsibility for conducting discovery is to continue to rest with the litigants,
5  they must be obliged to act responsibly and avoid abuse."). "The rules of discovery must necessarily
6  be largely self-enforcing. The integrity of the discovery process rests on the faithfulness of parties
7  and counsel to the rules—both the spirit and the letter. '[T]he discovery provisions of the Federal
8  Rules are meant to function without the need for constant judicial intervention and . . . those Rules
9  rely on the honesty and good faith of counsel in dealing with adversaries.' The rules of procedure
10 (and attorneys' duty to adhere to them) apply with equal force to decisions made in private
11 discussions behind closed doors in a client's office on how much effort to expend to answer the
12 opposing party's discovery, as to attorney conduct in the bright light of open court." *Poole ex rel.*
13 *Elliott v. Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) (citation omitted); *see also King v. Habib*
14 *Bank Ltd.*, No. 20-cv-04322-LGS-OTW, Dkt. 272, slip op. at 2 (S.D.N.Y. July 1, 2024)
15 ("embroil[ing this judge] in day-to-day supervision of discovery [is] a result directly contrary to the
16 overall scheme of the federal discovery rules.").

17 Under this Court's Civil Local Rules, "[a] person representing him or herself without an
18 attorney is bound by the Federal Rules, as well as by all applicable local rules." *See* Civil L.R. 3-9.
19 While members of the bar of this Court are required to be familiar with the Court's Guidelines for
20 Professional Conduct, *see id.* L.R. 11-4, those guidelines may also help provide guidance for *pro se*
21 litigants on the type of behavior in litigating a case which the Court expects. *See*
22 https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/. For example, "[a] lawyer
23 should work to achieve his or her client's lawful and meritorious objectives ***expeditiously and as***
24 ***economically as possible in a civil and professional manner***." *Id.* at Guideline 2 (emphasis added).
25 Further, "[a] lawyer should make reasonable efforts to schedule meetings, hearings, and discovery
26 by agreement whenever possible and should consider the scheduling interests of opposing counsel,
27 the parties, witnesses, and the court. . . . A lawyer should not arbitrarily or unreasonably withhold
28 consent to a request for scheduling accommodations." *Id.* at Guideline 3. With regard to extensions

of deadlines, "[a] lawyer should be committed to the notion that the strategy of refusing reasonable requests for extensions of time is inappropriate, and should advise clients of the same. . . . A lawyer should not condition an agreement to an extension of time on unfair or extraneous terms, except those a lawyer is entitled to impose, such as (i) preserving rights that could be jeopardized by an extension of time or (ii) seeking reciprocal scheduling concessions." *Id*. at Guideline 4. And specifically with regard to discovery, "[a] lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute." *Id.* at Guideline 9. Similarly, with regard to motions practice, "[b]efore filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly." *Id.* at Guideline 10.

The Court provides this guidance and these admonitions to underscore further why Plaintiff Thompson's requests for relief are premature and not raised properly without adequate meet and confers. The Court directs both Parties to renew and redouble their efforts to discuss and negotiate discovery disputes in good faith, and to attempt to resolve and narrow as many disputes as possible without requiring intervention of the Court. The Court's authority to manage discovery does not extend to hand-holding or micromanaging every detail of the Parties' conduct of their discovery, and the Court should be approached when all Parties have fully complied with the Federal Rules, the Local Rules, and this Court's orders. Because of the generalized nature of the disputes described in the instant Joint Discovery Brief, there has been no showing of a clear violation of either the Federal Rules or the Local Rules warranting the relief requested by Plaintiff Thompson. The Court makes no finding that either Party has engaged in unreasonable or bad-faith discovery practices that would warrant the Court's intervention at this stage, but the Parties are on notice that the Court expects both Parties to fully comply with this Court's guidance and the applicable legal standards going forward.

## ADVISEMENT OF PRO SE RESOURCES

Plaintiff Thompson is **ADVISED** that there are several resources for *pro se* litigants. As noted, the Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every

11

1  stage of a case, including discovery, motions, and trial: available electronically online at
2  https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_9-
3  2024_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office.  The Court
4  **ENCOURAGES** Plaintiff Thompson to familiarize himself with the Pro Se Handbook.  The Court
5  additionally has a webpage with resources for *pro se* litigants: https://cand.uscourts.gov/pro-se-
6  litigants/.  In addition, Plaintiff has the option to seek assistance from the Legal Help Center by
7  making an appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org.  The Legal
8  Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of
9  San Francisco ("JDC"), and is not part of the United States District Court.  The Legal Help Center
10 is staffed by attorneys employed by the JDC to provide information and limited-scope legal
11 assistance to *pro se* litigants in civil cases.  *See* https://cand.uscourts.gov/about/court-
12 programs/legal-helpdesks/.

## CONCLUSION

For the reasons discussed herein, the Court **DENIES** Plaintiff Thompson's requests for relief as follows:

Request for Relief (1): "Compel amended responses to Interrogatories and RFPs with Bates-labeled, organized production[.]"  [Dkt. 40 at 3].  This request is **DENIED WITHOUT PREJUDICE.**  As discussed above, the Parties do not appear to have completed their meet and confer on this issue.  To the extent Experian has invoked Rule 33(d) in its responses to any interrogatories without identifying any business records by Bates number, the Court **ORDERS** Experian to supplement any such interrogatory responses by July 25, 2025, to identify any such documents, and the Court reminds Experian of its duty to supplement as more documents are produced (particularly after a Protective Order is entered).

Request for Relief (2): "Strike boilerplate objections and deem them waived[.]" *Id.*  This request is **DENIED WITHOUT PREJUDICE**.  As discussed above, the Parties do not appear to have completed their meet and confer on this issue.

Request for Relief (3): "Require a privilege log within 7 days[.]" *Id.*  This request is **DENIED WITHOUT PREJUDICE AS PREMATURE**.  There is no indication that Defendant

1   Experian has withheld documents on the basis of privilege without an intent to provide a privilege
2   log.  The Court **ORDERS** the Parties to promptly meet and confer in good faith to agree on a
3   reasonable schedule for the mutual exchange of privilege logs, pursuant to Section G of the Standing
4   Discovery Order.  Such meet and confers **SHALL** be completed by **July 25, 2025**.

5   Request for Relief (4): "Order revised RFA responses complying with Rule 36(a)(4)[.]" *Id.*
6   This request is **DENIED WITHOUT PREJUDICE**.  As discussed above, the Parties do not appear
7   to have completed their meet and confer on this issue.

8   Request for Relief (5): "Require Rule 26(g) certification of a diligent search and complete
9   production[.]" *Id.*  This request is **DENIED AS MOOT**.  Rule 26(g) expressly states that "every
10  discovery request, response, or objection must be signed by at least one attorney of record in the
11  attorney's own name—or by the party personally, if unrepresented" and states that "***[b]y signing,***
12  ***an attorney or party certifies*** that to the best of the person's knowledge, information, and belief
13  formed after a reasonable inquiry: . . . with respect to a discovery request, response, or objection, it
14  is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for
15  extending, modifying, or reversing existing law, or for establishing new law;  (ii) not interposed for
16  any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of
17  litigation[.]" Fed. R. Civ. P. 26(g)(1)(B) (emphasis added).  Thus, the signed responses to Plaintiff's
18  discovery requests inherently contain these certifications under Rule 26(g) and a further, essentially
19  duplicative, certification is neither required nor appropriate.

20  Request for Relief (6): "Order full production within 10 days, including all documents
21  previously withheld[.]"  [Dkt. 40 at 3].  This request is **DENIED WITHOUT PREJUDICE**.
22  Defendant Experian has represented that it is producing or has produced responsive, non-
23  confidential documents (although the Court notes that the timing of the production of non-
24  confidential documents is somewhat troubling, given that the requests for production were
25  apparently served in early May and documents were not produced until the same day as the Joint
26  Discovery Letter Brief was filed). *Id.* at 4–5.  To the extent Experian has not completed production
27  of non-confidential, responsive documents, the Court **ORDERS** Experian to substantially and fully
28  complete any such production by **July 18, 2025**.  Further, because the entry of a Stipulated

1  Protective Order has delayed Experian's production of confidential documents, the Court **ORDERS**
2  the Parties to promptly and reasonably meet and confer to finalize and submit a Stipulated Protective
3  Order by July 25, 2025, pursuant to Section C of the Standing Discovery Order. The Court strongly
4  encourages the use of the Northern District's model protective order absent good cause for deviation.
5  As soon as the Stipulated Protective Order is entered, Experian is further **ORDERED** to start
6  production of all responsive, non-privileged confidential documents on a rolling basis the day after
7  the Protective Order is entered and to substantially complete such production by **August 8, 2025**.
8  Accordingly, Experian is well-advised to prepare its documents for production in advance, to avoid
9  delay. To avoid further causes for delay, Experian may produce any confidential documents at any
10 time before entry of a formal Protective Order and, if so produced and marked as confidential, any
11 such confidential documents **SHALL**, by operation of this Order, be treated by all Parties and their
12 counsel as if they were produced pursuant to the terms of the Court's Model Stipulated Protective
13 Order (for standard litigation) which all Parties shall follow and adhere to – with the understanding
14 that Plaintiff himself is authorized to receive documents and information designated as
15 "Confidential" by Defendant Experian after he executes the Acknowledgement and Agreement to
16 Be Bound (Exhibit A) to the model Protective Order (which he is **ORDERED** to execute and serve
17 on or before July 7, 2025), *see* https://cand.uscourts.gov/wp-content/uploads/forms/model-
18 protective-orders/CAND_StandardProtOrd.Feb2022.pdf.

19  Request for Relief (7): "Extend the discovery deadline by 90 days beyond September 30,
20 2025[.]" [Dkt. 40 at 3]. This request is **DENIED WITH PREJUDICE** to the extent directed to
21 the undersigned. The undersigned is not authorized by the discovery referral to extend case
22 management deadlines. Requests to alter the case schedule **SHALL BE DIRECTED** to the
23 presiding District Judge.

24  Request for Relief (8): "Award sanctions under Rule 37(b) for failing to respond to
25 Plaintiff's [§] H.1 letter and refusing to correct deficiencies in the § H.2 conference." *Id.* This
26 request is **DENIED WITH PREJUDICE**. Plaintiff Thompson has not complied with the
27 procedures in Civil L.R. 7-8 and 37-4 to present a motion for discovery sanctions under Rule 37.
28 The Local Rule requires, as a threshold matter, that a sanctions motion be filed as a separate motion

14

1 and not included in a discovery motion. *See* Civil L.R. 7-8(a). Further, the record does not
2 demonstrate that there is any conduct at issue which approaches the level of sanctionable behavior
3 under Rule 37(b), which applies to failures to comply with a court Order. Contrary to Plaintiff
4 Thompson's assertions, it appears that Defendant Experian did attempt to respond to Plaintiff's
5 concerns at the meet and confer held on June 16, 2025. [Dkt. 40 at 4]. And there is nothing Plaintiff
6 Thompson presented which demonstrates what, if anything, allegedly sanctionable occurred at the
7 § H.2 conference. The Court notes that threatening or seeking sanctions ***prior to*** prevailing on the
8 underlying dispute is inherently premature and generally not a sound or persuasive tactic.
9 Excessively threatening or seeking sanctions without proper procedural or substantive basis may, in
10 certain circumstances, itself raise doubts as to the threatening party's reasonableness.

11 Further, as part of its authority to manage discovery in this case and in light of the fact
12 discovery deadline: The Court admonishes and encourages the Parties to focus on completing fact
13 discovery as efficiently and expeditiously as possible, consistent with the collaborative process
14 envisioned by the Federal Rules. The Court **ORDERS** the Parties to file a Joint Status Report on
15 July 28, 2025 directed to the undersigned to report on the status of the agreement on the schedule
16 for exchanging privilege logs, the status of the Stipulated Protective Order, the status of Experian's
17 production of both non-confidential and confidential documents, the status of any third party
18 discovery, the status of scheduling and noticing all depositions contemplated to be taken by the
19 Parties (*see* Standing Discovery Order § D), and the Parties' plans for completing all fact discovery
20 by the cutoff deadline.

21 This **RESOLVES** Dkt. 40.

23 **IT IS SO ORDERED.**

24 Dated: July 2, 2025

_____
PETER H. KANG
United States Magistrate Judge

15